```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x
                                        :
UNITED STATES OF AMERICA                :       PROTECTIVE ORDER
                                        :
     - v. -                             :
                                        :       S1 22 Cr. 312 (DLC)
MATTHEW TAYLOR WITKOWSKI,                :
                                        :
                    Defendant.          :
                                        :
- - - - - - - - - - - - - - - - - - - -x
```

WHEREAS, the United States of America ("the Government") seeks to provide or make available in unredacted form certain materials and information pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); or otherwise; and

WHEREAS, some material that the Government seeks to provide or make available (i) contains sensitive information that affects the privacy of specific, uncharged individuals, including personally identifiable information, financial information, medical information or personal contact information; (ii) contains commercially sensitive information of third-parties; and/or (iii) was not at the time it was created intended to be public and is not authorized to be disclosed to the public or the defendant beyond that which is necessary for the defense of this action; and

WHEREAS, the Government is willing, under the

1

conditions set forth below, to produce or make available such materials;

IT IS HEREBY agreed, by and between the United States of America, Damian Williams, United States Attorney, by David Raymond Lewis, Assistant United States Attorney, of counsel, and defendant MATTHEW TAYLOR WITKOWSKI, by and through his counsel, Saam Zangeneh, that:

1. Material containing or reflecting (i) personally identifiable, medical, or financial information (including, but not limited to, names, personal telephone numbers, home addresses, personal email addresses, dates of birth, Social Security numbers, bank account information, credit card information, health information, tax information, other sensitive financial information, and driver's license information), (ii) commercially sensitive information of a third-party, or (iii) the public disclosure of which the Government in good faith believes could prejudice the due administration of justice or interfere with a fair trial, may be designated "Confidential Information," and shall be identified in transmittal correspondence, an index, or by stamping the material.

(b) The Government may de-designate Confidential Information, in whole or in part, at the request of the defendant or otherwise. Public filing or introduction into

2

evidence by the Government of Confidential Information shall constitute de-designation with respect to those portions of such material that are publicly-filed or introduced into evidence, absent a contrary Order of the Court. The defendant may object to the designation pursuant to paragraph 1(a) of any material the Government designates as Confidential Information. In the event of such an objection, the Government and the defendant shall confer in an effort to resolve the issue. To whatever extent they fail to resolve the issue, with notice and a copy to the Government, the defendant may file a motion for an order removing the designation from specified material, which motion may not include, in public form, the material subject to dispute. The Government thereupon will have the burden of justifying the continuation of that designation. The material shall remain designated as Confidential Information unless and until either (i) the Government and the defendant agree otherwise or (ii) the Court rules to the contrary.

2. Confidential Information disclosed to the defendant or to his counsel during the course of proceedings in this action:

(a) Shall be used by the defendant and his counsel only for purposes of preparing for and conducting pre-trial proceedings, trial, and/or any appeal of this action;

(b) Shall be maintained in a safe and secure manner solely by the defendant[1] and his counsel, and the Confidential Information and the contents thereof shall not be disclosed or otherwise shared in any form by the defendant or his counsel except as set forth in paragraph 2(c) below;

(c) May be disclosed by the defendant or his counsel only to the following persons (hereinafter "Designated Persons"):

(i) investigative, secretarial, clerical, and paralegal student personnel, or any interpreter or translator, employed full-time or part-time by the defendant's counsel;

(ii) independent expert witnesses, investigators, or advisors retained by the defendant's counsel in connection with this action;

(iii) potential witnesses, but only insofar as defense counsel may show the Confidential Information to potential witnesses without these individuals retaining copies of the Confidential Information; and

---

[1] In the event that the defendant retains a copy of the Confidential Information, he shall store such materials at his primary residence in a secure manner and shall not take such materials outside of his residence or otherwise share such materials.

4

(iv) such other persons as hereafter may be authorized by the Court upon motion by the defendant; and

(d) All documents subject to this Protective Order must be destroyed or returned to the Government's attorneys at such time as they are not needed in this action, at the end of the criminal proceedings (including any appeal and related applications for habeas corpus or any other collateral relief), or upon Order of the Court, whichever occurs first.

3. The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information pursuant to paragraph 2(c). Prior to disclosure of Confidential Information to Designated Persons, pursuant to paragraph 2(c), any such Designated Person shall agree to be subject to the terms of this Order by signing a copy of the consent form attached hereto and providing such copy to the defendant's counsel, who shall retain such copy, and shall provide it to the Court upon request.

4. The provisions of this Order shall not be construed as preventing the use or disclosure of any information in any motion, hearing, or other pre-trial proceeding held in connection with the above-referenced action or to any District Judge or Magistrate Judge of this Court for purposes of the above-referenced action. Confidential Information should be

5

redacted from any public court filings, however, or should be filed under seal.

5. With respect to both Confidential Information and all other information, any filings with any court shall be governed by Rule 49.1 of the Federal Rules of Criminal Procedure, and to the extent applicable, by the rules governing publicly-filed documents in this district.

6. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

Dated: New York, New York
August 23, 2022

SO ORDERED:

_____
DENISE COTE
United States District Court
Southern District of New York

## Consent to Entry of Protective Order

I, Saam Zangeneh, have read and reviewed the proposed Protective Order (the "Order") in the case of *United States v. Matthew Taylor Zangeneh*, S1 22 Cr. 312 (DLC), and I consent to the entry of the Order on behalf of my client, Matthew Taylor Zangeneh, with whom I have discussed the Order.

_____
Saam Zangeneh
Attorney for Matthew Taylor Witkowski

### Designated Person's Consent to Protective Order

I am an individual meeting the definition of Designated Persons as described in paragraph 2(c) of the Protective Order in *United States v. Matthew Taylor Witkowski*, S1 22 Cr. 312 (DLC). I agree to abide by the terms of the Protective Order and to provide a copy of this signature page to defense counsel.

Name (printed): Matthew Witkowski
Organization:
Date: 8/22/22

Signature: X *[signed]*