```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

----------------------------------------
UNITED STATES OF AMERICA,

            -v-

MATTHEW WITKOWSKI,

                     Defendant.

22CR312-2 (DLC)

ORDER

----------------------------------------

DENISE COTE, District Judge:

    On January 18, 2024, defendant Matthew Witkowski moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the Sentencing Guidelines. Because the defendant received a role enhancement, he is not eligible for a reduction of his sentence and the motion is denied.

## Background

    On January 19, 2023, Witkowski pleaded guilty to conspiracy to commit health care fraud pursuant to a plea agreement with the Government. Witkowski had participated in a multi-year scheme to defraud Medicare through the filing of fraudulent claims.

    The defendant's Sentencing Guidelines range was 70 to 87 months' imprisonment, based on an offense level of 27 and a criminal history category of I. The offense level included a three-level enhancement pursuant to § 3B1.1 because the defendant was a manager or supervisor and the criminal activity

involved five or more participants or was otherwise extensive. The Probation Department recommended a sentence of 60 months' imprisonment; the Government requested a substantial sentence, as recommended by the Probation Department; and the defendant sought a "substantial but not greater than necessary" sentence. On April 20, 2023, the defendant was sentenced principally to a term of 60 months' imprisonment.

On January 18, 2024, the defendant filed a motion requesting a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines.  The amendment went into effect on November 1, 2023 and applies retroactively.  On January 23, the Government opposed the motion.  On February 9, the United States Probation Department issued a report indicating that the defendant is not eligible for a sentence reduction.  Witkowski is scheduled to be released from custody on February 18, 2026.

## Discussion

A judgment of conviction is ordinarily final.  Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced."  United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.C. § 1B1.10.  Martin, 974 F.3d at 136 (citation omitted).  Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government.  United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021).  A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding.  Dillon, 560 U.S. at 827.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  See U.S.S.G. § 1B1.10(d).  Among other changes, Amendment 821 provided a

3

decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve specified exclusions. Among the exclusions is the receipt of a role adjustment under § 3B1.1 of the Sentencing Guidelines. U.S.S.G. § 4C1.1(a)(10); see also U.S.S.G. App. C, Amendment 821. In describing the reasons for the Amendment, the Sentencing Commission explained that the exclusion criteria were informed by data analyses, public comment and existing legislation. U.S.S.G. App. C, Amendment 821, Reason for Amendment.

Witkowski is not eligible for a sentence reduction pursuant to Amendment 821. The defendant received an offense level enhancement under § 3B1.1 of the Sentencing Guidelines for his role in the criminal enterprise, and is thus disqualified from receiving a reduction.

### Conclusion

Witkowski's January 18, 2024 motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10 is denied.

Dated:   New York, New York
         May 21, 2024

                                   _____
                                   Denise Cote
                                   United States District Judge

4